### BAILEY *vs.* WAKEMAN & WAKEMAN.

V., a member of a New-York firm, being in the country purchased from the defendant a sight draft on New-York which the defendant endorsed to the firm; and V. immediately sent it to his partners in a letter, in which he directed them to credit it to himself individually. In a suit by the surviving partners of V., who had died, in which the defendant claimed to set off the value of the draft, *held,* that the letter was not competent evidence for the plaintiffs as part of the *res gestæ* to shew that the purchase of the draft by V. was on his individual credit.

ON error from the supreme court. B. & S. W. Wakeman sued Bailey in the supreme court for goods sold and delivered. *Non assumpsit* was pleaded with notice of set-off, and the cause was referred to referees, who reported in favor of the plaintiffs. On the trial before the referees it appeared that the plaintiffs and one Vaill were merchants in New-York, under the name of Wakeman & Vaill, prior to September, 1834, when Vaill died, and that the plaintiffs subsequently continued the business. In May, 1834, the defendant purchased of the then existing firm goods to the amount of $113,01. On the 10th of June following, Vaill, who also carried on business in the county of Genesee, met the defendant at Batavia, and received from him a U. S. treasury warrant, payable at sight at the Manhattan Bank, New-York, for $960, which the defendant held as endorsee. The main question in the cause was, whether Vaill purchased the warrant on his own account or for the firm of which he was a member. There was evidence tending to show that Vaill gave the defendant a receipt for it signed with his individual name

but it was shown that the amount was to be applied in the first instance to pay the account of $113,01 for the goods which the defendant had shortly before purchased of the firm. After the death of Vaill and in October, 1834, the defendant was in New-York, and purchased of the plaintiffs goods to the amount of $1102,21. When this purchase was made the question had arisen as to who was responsible for the amount of the warrant, the plaintiffs insisting that Vaill had taken it on his own credit and had remitted it to them on his individual account, and the evidence tended to show that neither party yielded their pretensions and that the goods were purchased in the expectation that on the settlement of the account of Vaill with the firm, there might be a balance due his estate which would enable the plaintiffs to adjust the affair without loss to either party, which, in that event, they undertook to do. It turned out, however, that Vaill instead of being a creditor was largely indebted to the firm. The defendant gave in evidence the conversation between himself and Vaill at the time the warrant was transferred to the latter, to show that he took it on account of his firm; but he refused to produce the receipt which Vaill then gave him, though it was proved that he had it, and had received notice to produce it. It appeared that Vaill immediately upon his receiving the warrant at Batavia and in the presence of the defendant, enclosed it in a letter written by himself to the plaintiffs in New York, which he sent by mail, but it was not shown that the defendant was aware of the contents of the letter. The warrant, which was given in evidence, was endorsed by the defendant to Wakeman & Vaill, or order, and had upon it their receipt for the amount given to the cashier of the Manhattan Company.

The plaintiffs' counsel then offered in evidence the letter of Vaill which enclosed the warrant. The defendant's counsel objected, but the referees decided to receive the evidence, and the defendant's counsel excepted. In this letter, Vaill mentioned that the draft was enclosed, and requested the plaintiffs to pass it to his credit. The plaintiffs further proved, after a like objection had been disposed of in the same manner, that

they immediately placed the amount to the credit of Vaill on the books of the firm, and that within a few days afterwards a larger amount was paid out by the firm on account of Vaill and charged to him. A general payment of $240 was proved to have been made by the defendant, and the report was for the balance of the plaintiffs' account.

The defendant moved the supreme court to set aside the report, which motion was denied and judgment was rendered for the plaintiffs. The reasons appear in the report of the case in 2 *Hill*, 279. The record in that court contains a statement of the facts which appeared on the motion before them in substance as above stated, which was inserted at the instance of the defendant.

*George Wood*, for the plaintiff in error. 1. The referees erred in permitting the letter of Vaill to be given in evidence. (*Brown* v. *Lusk*, 4 *Yerg.* 215 ; *Enos* v. *Tuttle*, 3 *Conn.* 250.) 2. There was no evidence to support the finding of the referees, and in such cases a writ of error lies to the supreme court. (*Mersereau* v. *Lewis*, 25 *Wend.* 243.)

*D. Lord Jr.*, for the defendants in error. 1. The letter written by Vaill, in which he transmitted the warrant to New York, was part of the *res gestæ* and was properly received in evidence. (*Allen* v. *Duncan*, 11 *Pick.* 308 ; *Pool* v. *Bridges*, 4 *id.* 378.) Its effect was to charge Vaill solely instead of jointly with others, and he could have had no motive of interest to state the transaction untruly. It was parcel of the act of transmitting the fund to the plaintiffs. The endorsement of the warrant to the plaintiffs was an equivocal act. It showed a design that the money should be paid to the firm in New York, but did not indicate on what account. This was supplied by the letter ; and from the nature of the case that was the best evidence upon the point. The endorsement by the defendant to Wakeman & Vaill and the receipt by that firm written on the draft, may have been presumptive, but it certainly was not conclusive evidence that they purchased it of the defendant. It

Bailey *v.* Wakeman.

was liable to be repelled; and this was effectually done by showing the directions which accompanied its transmission to the members of the firm in New-York. Endorsements made upon commercial securities for the purposes of transmission or of collection, afford very slight if any evidence of title. Such endorsements are always subject to explanation. The defendant claims that the endorsement of the paper to the firm is evidence that they were the purchasers. It does show that they were appointed to receive the amount in New-York. But some one must receive it there, whether it was purchased by Vaill or any one else. Upon that evidence the question remains, whether they were to receive it because they had become the owners of it, or because they were the agents and correspondents of Vaill. The plaintiffs were entitled to show that the endorsement was made in order that they should receive it in the latter character, and the letter which accompanied its transmission was the best possible evidence of that fact. It was parcel of the act of endorsement and transmission, and was properly received.

2. If there was any evidence to support the determination of the referees, this court cannot re-examine that question. (*Mersereau* v. *Lewis, cited contra.*) There was much evidence to sustain the plaintiffs' view of the case. The withholding of the receipt given by Vaill was a strong circumstance. All presumptions are to be taken against a party who withholds evidence in his possession. (*Jackson* v. *McVey,* 18 *John.* 330; *Life & Fire Ins. Co.* v. *Mechanic Ins. Co.* 7 *Wend.* 31.) The letter, if admissible, was strong evidence to that effect. The payment on account of a larger amount than the former bill of goods was some evidence. There having been evidence on both sides, the report of the referees and the judgment of the supreme court are conclusive against the defendant.

No member of the court moving for a postponement of the decision and no opinion being offered to be given, the President put the question, "Shall this judgment be reversed?" upon which the members voted as follows:

*For reversal:* The PRESIDENT, the CHANCELLOR, and *Senators* BACKUS, BARLOW, BARTLIT, BEEKMAN, BOCKEE, BURNHAM, CHAMBERLAIN, CLARK, DENNISTON, DEYO, EMMONS, HAND, JOHNSON, JONES, LOTT, MITCHELL, PORTER, SCOVIL, SMITH, TALCOTT, VARNEY, WRIGHT—24.

*For affirmance:* *Senator* BEERS.

Judgment reversed.